CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Roanoke
FEB 0 2 2007
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHE GRIFFIN, ) | |
| Petitioner, ) | Civil Action No. 7:06CV00396 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Christophe Griffin, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Griffin alleges, in part, that his attorney was constitutionally ineffective in failing to file a notice of appeal. The case is presently before the court on the government's motion to dismiss, in which the government argues that this claim is without merit and that it is barred by Griffin's waiver of collateral-attack rights. For the following reasons, the court concludes that the waiver of collateral-attack rights does not bar Griffin's claim that his attorney was ineffective for failing to file a notice of appeal. The court also finds that a genuine issue of material fact exists as to whether Griffin asked his attorney to file an appeal. Thus, the court will refer the matter for an evidentiary hearing as to this claim.

## Background

On April 21, 2004, Griffin and four other individuals were charged in a five-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Griffin with conspiring to possess with the intent to distribute cocaine base, heroin, and marijuana, in violation of 21 U.S.C. § 846. Counts Two, Four, and Five charged Griffin with possessing with the intent to distribute cocaine base, heroin, and marijuana, in violation of 21 U.S.C. § 841.

On January 27, 2005, Griffin pled guilty to Count One of the indictment, pursuant to a

written plea agreement. In this agreement, the government agreed to move to dismiss the remaining three counts against Griffin. The government also agreed to recommend a three-level sentencing reduction for acceptance of responsibility. In exchange, Griffin agreed to waive the right to appeal "sentencing guidelines issues." (Plea Ag. at 5). Griffin also, in a separate section, agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the court." (Plea Ag. at 5). Griffin was subsequently sentenced to a total term of imprisonment of 168 months. He did not appeal his conviction or sentence.

Griffin filed the instant § 2255 motion on June 29, 2006. In one of his claims, Griffin contends that his attorney was ineffective for failing to file a notice of appeal.[1] Specifically, Griffin alleges, under penalty of perjury, that he asked his attorney to file a notice of appeal, and that his attorney failed to do so.[2]

## Discussion

The government has moved to dismiss all of Griffin's claims on the basis that Griffin waived the right to collaterally attack his conviction and sentence. However, Griffin's waiver of collateral-attack rights does not bar Griffin's claim that his attorney was ineffective for failing to file a notice of appeal. This claim falls outside the scope of the waiver and must be addressed on the merits. See United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006) (holding that Embree's waiver of collateral-attack rights did not bar the claim that his attorney was ineffective

---

[1] Griffin also alleges that his attorney was ineffective during the "pre-trial investigation stage," that his attorney was ineffective during the "plea agreement waiver stage," and that his prior state court convictions should not have been used to enhance his sentence.

[2] Griffin's attorney disputes this allegation in an affidavit submitted with the government's motion to dismiss.

2

for failing to consult with him regarding an appeal, since the claim was analogous to the claim asserted in United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), "where [the Court] held that the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings.").

It is well established that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-927 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)); see also United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In light of Griffin's allegation, under penalty of perjury, that his attorney failed to honor his request to file an appeal, and his attorney's conflicting affidavit denying that Griffin ever made the request, the court finds that a genuine issue of material fact exists as to whether Griffin's attorney was ineffective for failing to file a notice of appeal. Thus, the court will refer the matter to United States Magistrate Judge B. Waugh Crigler for an evidentiary hearing on this issue.[3]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner, counsel of record for the respondent, and Judge Crigler.

ENTER: This 2nd day of February, 2007.

_____
United States District Judge

---

[3] Because Griffin will receive another opportunity to file a direct appeal if the court ultimately rules in his favor, the court will not address the government's motion to dismiss as to Griffin's other claims at this time. See United States v. Killian, 22 Fed. Appx. 300, 301 (4th Cir. 2001) (noting that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal, the district court should not address the merits of the petitioner's remaining claims, but instead dismiss those claims without prejudice).

3